Sewall, J.,
delivered the opinion of the Court.
The petitioner, Jacob Rice, avers himself to be tenant in common with the heirs of Henry Y. Brown, deceased, and with others unknown, of and in all the lands within the limits of the town of Brownfield, and to hold, in fee simple to himself and his successors, one sixty-fourth part thereof in the right of the said town, for the use of the ministry; and another sixty-fourth part thereof in his *47 own right, as the first Protestant minister duly settled in the said town. These proprietary rights, or shares of the said lands, he prays to have distinctly set off, and assigned in severalty.
The merits of this petition, and the right of the petitioner to have partition as prayed for, are submitted to the * Court, upon a statement of facts agreed on his part, and by Henry Y. B. Osgood and others, the grandchildren and heirs of Henry Y. Brown. By this statement, it appears that the town of Brownfield, as incorporated February, 1802, comprises certain tracts of land granted and confirmed to the said H. Y. Brown at several times; the first on the 28th of January, 1764, and the last on the 10th of June, 1774, by the General Court of the then province of the Massachusetts Bay. These grants were made upon the condition annexed to each of them, that the grantees should give bond to the province treasurer, to secure the placing of certain settlers on the said tracts of land; and that he should also, out of the premises, grant certain proportions of the said tracts of land to divers public uses; among others, a sixty-fourth part to the use of the ministry, and a sixty-fourth part to the use of the first settled minister.
The agreement of the parties is so expressed as to leave it uncertain, in some measure, whether the grants to be made by H. Y. Brown to public uses, were to be secured by his bond to the province treasurer, or were more immediately secured by a condition annexed to the several grants of land, and to each confirmation thereof.
The latter view of the case seems to be that in which the parties have considered it, according to the argument of their counsel; and then the general question to be decided is, whether such a condition is in itself a title, either to the town or to the first settled minister; so that when there comes to be a town and a minister, he, in the right of the town, and in his own right, has vested claims and proprietary shares, independently of any act of the grantee. And we are all very clear in the opinion that he has not; that the words in the several grants, providing for the ministry, and the first minister duly settled on the tracts of land granted, or for the benefit of the inhabitants thereof, created no title in any person. The words employed in the several grants, as stated by the agreement of the parties, * determine this question. These are not an immediate appointment to a separate use, either vested or contingent; nor are they to be construed as words of grant to persons or corporations not in esse. And as a condition, it cannot avail to a stranger, but to the grantor only.
Nor is this a proper mode of enforcing the performance of the *48 condition. The provision is, that the patentee of the tract of land granted, is to grant, that is, to assign, such proportions or shares of the premises as are appointed for public uses.'
We can understand these words in no other sense than as a condition annexed to the grant, of which the government have the superintendence and care; and the remedy is with them, to enforce the fulfilment of it, substantially and according to their intent, for the pious uses to which the appropriations are declared. A neglect of this condition exposes the patentee to a forfeiture of his grant, if the government should think fit to exact it; that is, if the condition be understood as annexed to the grant itself, or to the confirmation of it. But if secured by the bond to the treasurer only, then the proper remedy would be upon the bond.
When the patentee, according to the condition of the grant to him, makes a grant or assignment, the estate vests where the appropriation is to a person or corporation in esse, and is accepted by him or them ; and where contingent, and to a person or corporation not in esse, the estate remains in the patentee until the contingency happens, and then vests, if accepted ; and, in both cases, an acceptance must be understood to be essential to discharge the. patentee of the condition annexed to his grant; or at least the grant or assignment must be such a one as ought to be accepted, being a fair and substantial fulfilment of the condition.
In the case at bar, the grants appointed to be made to pious and charitable uses, have been made by the respondents, or with their concurrence, they claiming the tracts of * land granted to Henry Y. Brown under his last will, and he having neglected to make any grant or assignment in his lifetime. And so far as the town is concerned in the lands appointed to the use of the ministry, the grant appears to have been accepted; and, indeed, the other grant also, if their acceptance would avail, as to the lands appointed to the use of the first minister.
But however this may be, the original grants to H. Y. Brown created no title or estate in the shares or proportions of land, appointed by the General Court to be granted by their patentee to the use of the ministry, and to the use of the first minister, until the grants or assignments by him or his heirs, according to those appointments, in performance of the conditions annexed to the original grants. The petitioner, therefore, has no remedy in this course, as a tenant in common, or proprietor, in the tracts of land comprised in the township of Brownfield; and the judgment must be, that he take nothing by his petition, and that the respondents recover their costs.